UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

STACY WASHINGTON,

        Plaintiff,

 -v-                                                                                          No. 20 CV 3446-LTS-SN

NYC MADISON AVENUE MEDICAL P.C.,
NYC MIDTOWN HEALTH LLC, NYC 23RD
STREET MEDICAL PLLC,
PREVENTATIVE WELLNESS OF
WESTCHESTER LLC, MIRZA MEDICAL,
P.C., and ELIZ CRUZ (individually),

        Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

        Plaintiff Stacy Washington ("Plaintiff") commenced this action against NYC Madison Avenue Medical P.C. ("NYC Madison"), NYC Midtown Health LLC ("NYC Midtown"), NYC 23rd Street Medical PLLC ("NYC 23rd"), Preventative Wellness of Westchester LLC ("Preventative"), Mirza Medical P.C. ("Mirza"), and Eliz Cruz (individually) ("Cruz") alleging unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the New York City Human Rights Law, New York City Administrative Code §§ 8-107 et seq. (the "NYCHRL"). (See Complaint, docket entry no. 1 (the "Compl."), at ¶¶ 46-60.) The Court has jurisdiction of Plaintiff's claims under Title VII pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction of Plaintiff's local law claims pursuant to 28 U.S.C. § 1367.

        Defendants NYC Midtown, NYC 23rd, Preventative, and Mirza (collectively the "Moving Defendants") move for a judgment on the pleadings, pursuant to Federal Rule of Civil

Procedure § 12(c).  (See docket entry no. 24, the "Motion".)  Plaintiff filed an opposition to the Motion, see docket entry no. 29 (the "Opp."), and the Moving Defendants filed a reply in further support of the Motion.  (See docket entry no. 31.)  The Court has considered the submissions of the parties carefully and, for the reasons discussed below, the Moving Defendants' motion is granted.

## BACKGROUND

The following recitation of relevant facts is drawn from the Complaint, the well-pleaded factual content of which is taken as true for purposes of this motion practice, and from documents relied upon or incorporated into the Complaint.

In October 2017, Plaintiff began working as an hourly receptionist t NYC Madison's office.  (Compl. at ¶ 19.)  She was supervised by Defendant Eliz Cruz, an employee of Defendant NYC Madison holding the position of "Supervisor."  (Id. at ¶ 16.)  Plaintiff alleges that she was an employee of NYC Madison and of each of the Moving Defendants (together, "Defendants"), which she asserts are "'integrated employers,' as they have common management, share financial control of all companies, share centralized control of labor relations, and share employees."  (Id. at ¶ 14.)

In or around August 2018, Plaintiff notified Cruz, her supervisor at NYC Madison, that she was pregnant, and later requested leave to care for her soon to be born child.  (Id. at ¶¶ 23-24.)   Plaintiff alleges that Defendants discriminated and retaliated against her, and ultimately terminated her employment in May 2019, as a result of her pregnancy and request for leave. (Id. at ¶¶ 24-42.)

D<small>ISCUSSION</small>

The Moving Defendants, asserting that they are not properly named as defendants in this action, move for judgment on the pleadings. A motion for judgment on the pleadings is "evaluated using the same standard as a motion to dismiss under Rule 12(b)(6)." <u>Kinra v. Chicago Bridge & Iron Co.</u>, 2018 WL 2371030, at *6 (S.D.N.Y. May 24, 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> However, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> In deciding a Rule 12(b)(6) motion to dismiss, the Court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. <u>Harris v. Mills</u>, 572 F.3d 66, 71 (2d Cir. 2009).

<u>Employer Liability</u>

The Moving Defendants argue that the Plaintiff's allegations in the Complaint against them must be dismissed because they are not Plaintiff's employers as the term is defined under Title VII. To establish a claim under Title VII, a plaintiff must plead a sufficient employer-employee relationship. Title VII defines "employee" as "an individual employed by an employer. . ." 42 U.S.C.A. § 2000e(f) (Westlaw through P.L.117-38.) The Second Circuit has explained that, in applying such a circular definition, courts first consider whether the plaintiff received remuneration in some form for her work that consists of "substantial benefits not merely incidental to the activity performed." <u>United States v. City of New York</u>, 359 F.3d

83, 91-92 (2d Cir. 2004).  Once plaintiff furnishes proof that her putative employer remunerated her for services she performed, courts look to the thirteen factors articulated by the Supreme Court in Community for Creative Non-Violence v. Reid, to determine whether an employment relationship exists.  Id.  The Reid factors are:

> 1) the hiring party's right to control the manner the manner and means by which the product is accomplished; 2) the skill required; 3) the sources of the instrumentalities and tools; 4) the location of the work; 5) the duration of the relationship between the parties; 6) whether the hiring party has the right to assign additional projects to the hired party; 7) the extent of the hired party's discretion over when and how long to work; 8) the method of payment; 9) the hired party's role in hiring and paying assistants; 10) whether the work is part of the regular business of the hiring party; 11) whether the hiring party is in business; 12) the provision of employee benefits; and 13) the tax treatment of the hired party.

Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 751–52 (1989) (footnotes omitted).  The same test applies under the NYCHRL.  Cosgriff v. Valdese Weavers LLC, 2012 U.S. Dist. LEXIS 46245 at *12-13 (S.D.N.Y. Mar. 30, 2012).

Plaintiff argues that she has proffered evidence sufficient to establish the remuneration requirement and her employment status under the Reid factors.  Plaintiff's Complaint does not assert that she was remunerated by any of the Moving Defendants, but Plaintiff makes this claim in her opposition papers and attaches copies of paychecks that she received from each of the Moving Defendants, among others, presumably for her work as a receptionist at NYC Madison.  See Declaration of Counsel in Opposition of Defendants' Motion for Judgment on the Pleadings, docket entry no. 30 ("Opp. Dec."), at Exh. B.  Each of the paychecks is allegedly signed by the same individual, Dr. Mirza.  Id.  Accordingly, Plaintiff

argues that she has satisfied the remuneration requirement to establish an employee-employer relationship between her and the Moving Defendants.

Generally, when deciding a motion for judgment on the pleadings, "a court may consider a document outside the complaint only when the plaintiff relied on it to frame the complaint." Martin v. Cty. of Nassau, 692 F. Supp. 2d 282, 289 (E.D.N.Y. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002)).  A "[p]laintiff[] cannot amend [her] complaint by asserting new facts or theories for the first time in opposition to Defendants' motion [for judgment on the pleadings]." K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013).  Here, Plaintiff failed to attach to her Complaint the paychecks she now proffers in her opposition papers as evidence establishing that she received remuneration from the Moving Defendants for her services as a receptionist at NYC Madison and does not argue that she relied on them when drafting her Complaint.  Accordingly, the Court will not consider these new facts in deciding the Moving Defendants' Motion.

However, even if the Court were to grant the Plaintiff leave to amend her Complaint to attach or allege the existence of the new evidence she proffers at this time, Plaintiff's Complaint would still fail to allege facts sufficient to meet the plausibility standard with regard to an employer-employee relationship under the Supreme Court's Reid factors. Plaintiff conclusorily argues she has satisfied the first (the hiring party's right to control the employee's work), sixth (the hiring party's right to assign projects to the employee) and seventh (the extent of the hired party's discretion over when and how long to work) Reid factors because "it is clear that [the Moving] Defendants had the right to control the manner in which [Plaintiff] conducted her work, her hours, and the right to assign additional projects" to her since she has "alleged that she was an hourly employee who worked as a receptionist and at all times relevant

was supervised by defendant Cruz." Opp. at 6. Plaintiff does not point to any specific allegations in the Complaint to support her argument. Rather, the Complaint is entirely devoid of any facts regarding the Moving Defendants' control over Plaintiff's assignments or work hours.

Similarly, Plaintiff's conclusory argument that she has satisfied the third (source of the instrumentalities and tools) and fourth (location of the work) Reid factors is unpersuasive. Plaintiff argues that the "[Moving] Defendants were clearly the source of the instrumentalities and tools, as [Plaintiff] alleged that she only worked out of the office of [NYC] Madison." Opp. at 6-7. However, Plaintiff does not cite any allegations in the Complaint that support her claim that the Moving Defendants' relationship with her or NYC Madison is such that the Moving Defendants were the "sources of the instrumentalities and tools" that Plaintiff used in her role as a receptionist at NYC Madison's office. Additionally, her allegation that she worked in NYC Madison's office lends no support to her claim that the Moving Defendants were the location of her work.

Plaintiff has similarly failed to allege facts going to the fifth (duration of the relationship between the parties) and ninth (the hired party's role in hiring and paying assistants) Reid factors. Her allegation regarding the duration of her employment relationship with NYC Madison neither creates nor indicates an employment relationship with the Moving Defendants. Her Complaint includes no indication that she had any role whatsoever in hiring and paying others.

For these reasons, Plaintiff's threadbare allegations in the Complaint that she worked for the Moving Defendants and that they were her employers are the kinds of "labels and conclusions" that are insufficient to give rise to a facially plausible claim that the Moving

Defendants were her employers under Title VII and the NYCHRL.  See Ashcroft, 556 U.S. at 678.

Single Employer Doctrine

In the alternative, Plaintiff argues that she has established a sufficient employee-employer relationship with the Moving Defendants under the single employer doctrine.  "Under certain circumstances, two entities may be so interrelated that they are treated as a single employer for the purpose of [liability under] Title VII."  Brower-Coad v. Fundamental Brokers, 856 F. Supp. 147, 150 (S.D.N.Y. 1993) (internal quotation marks omitted).  In order to determine whether entities are sufficiently interrelated so as to incur joint liability for the acts of Plaintiff's immediate employer under the single employer doctrine, "the Second Circuit examines four factors: '(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.' Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240-41 (2d Cir. 1995).  Among the four Cook factors, '[c]entralized control over labor relations [is] the most important prong.'"  Lotfi v. Star Career Acad., 2017 U.S. Dist. LEXIS 59125, at *12 (S.D.N.Y. Mar. 23, 2017).  Further, the ultimate inquiry focuses on "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination."  Cook, 69 F.3d at 1240-41.

Here, Plaintiff has failed to allege plausibly that the Moving Defendants and NYC Madison are a single employer jointly liable for the allegedly unlawful acts of NYC Madison and Cruz.  In her Complaint, Plaintiff conclusorily pleads that the Moving Defendants and NYC Madison are "'integrated employers,' as they have common management, share financial control of all companies, share centralized control of labor relations, and share employees."  Compl. at ¶ 14.  Indicia such as shared "offices, bank accounts, personnel policies, employee benefits,

equipment, or financial and payroll records" are germane to the determination as to whether entities have "interrelated operations." Lotfi, 2017 U.S. Dist. LEXIS 59125, at *14 (internal quotations omitted). The Complaint proffers no facts relating to such matters with respect to the Moving Defendants. Similarly, Plaintiff has failed to allege any facts substantiating the common management factor; she does not demonstrate that the same individuals were involved in running the day-to-day operations of each of the Moving Defendants and NYC Madison. See Id. at *17-18 (finding that plaintiff's allegations that purported joint employer advised staff of direct employer on documenting rejected applications and offered input on educational issues were too vague to support plaintiff's conclusory assertion that the former was involved in the day-to-day management of the direct employer).

Plaintiff's claim that she can show a centralized control of labor relations, which is the only factor she claims to have satisfied, is flawed. In considering the centralized control of labor relations factor, the Second Circuit has provided the following examples: "handling job applications, approving personnel status reports, and exercising veto power over major employment decisions." Parker v. Columbia Pictures Indus., 204 F.3d 326, 330 (2d Cir. 2000). Plaintiff claims she has satisfied this factor "by showing that although she only worked out of the office of Defendant NYC Madison, Plaintiff was nonetheless compensated for hours worked by all [Moving] Defendants." Opp. at 8. She also claims that it is "clear that Dr. Mirza owns all named entities, as he signed all of [Plaintiff's] paychecks." Id. However, as discussed above, Plaintiff neither proffered the paychecks nor alleged that the Moving Defendants are all owned by the same person in her Complaint. Even if the Court were to consider such new facts and documents in connection with deciding this Motion, they are insufficient to support an inference of centralized control of labor relations because Plaintiff does not allege facts showing that the

Moving Defendants were involved in the decisions of whether to hire or fire Plaintiff or that the Moving Defendants had any involvement with the terms of her employment at NYC Madison in any way.  See Fried v. LVI Services, Inc., 2011 U.S. Dist. LEXIS 57639, at *16 (S.D.N.Y. May 23, 2011) (holding that, where plaintiff alleged that directors appointed by a company holding a minority stake in his employer were vocal in the decision to terminate him, sent him a written notification of his termination, and were directly involved in transitioning his job responsibilities, such conduct was inadequate to allege that the minority shareholder company exerted control over employment matters).

For these reasons, the Court finds that the Plaintiff has failed to allege plausibly that the Moving Defendants and NYC Madison were a single employer.

Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) permits a party to "amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). Courts "freely give[] leave when justice so requires."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).  However, the court "has the discretion to deny leave if there [is] a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."  In re Arab Bank, PLC Alien Tort Statute Litig., 808 F.3d 144, 159 (2d Cir. 2015) (internal quotations omitted).

Here, Plaintiff argues that if the Court finds she has not sufficiently demonstrated the Moving Defendants' status as her employers under Title VII, she should be granted leave to amend her Complaint, and she submits a proposed amended complaint in connection with her opposition papers.  See Opp. Dec. at Exh. C.  The proposed amended complaint would add the following allegations: 1) Dr. Mirza was the Chief Executive Officer of each of the Moving

Defendants; 2) while working as a receptionist at NYC Madison, Plaintiff assisted patients of each of the Moving Defendants when they came to see Dr. Mirza at NYC Madison; and 3) Plaintiff received paychecks from each of the Moving Defendants, all of which were signed by Dr. Mirza, for her work as a receptionist at NYC Madison.  Id. at ¶¶ 15, 21-25.  Plaintiff claims that such additions would "flesh[] out the Reid and 'single employer' doctrine factors" and establish the Moving Defendants' status as her employers.  Opp. at 10.  However, as explained above, these additional allegations are insufficient to plead plausibly the Moving Defendants' employer liability and the amendments would therefore be futile.  For these reasons, Plaintiff's request for leave to amend her Complaint is denied.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' motion for judgment on the pleadings is granted.

This case remains referred to Magistrate Judge Netburn for general pre-trial management.  This Memorandum Order resolves docket entry no. 23.

SO ORDERED.

Dated: New York, New York
September 3, 2021

       /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge